IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES SMITH, Administrator Pendente Life
of the Estate of ETHEL WILLIAMS,
deceased,

               Plaintiff,

     v.

MARKLEY OPERATOR, LLC d/b/a
MARKLEY REHABILITATION AND
HEALTHCARE CENTER;
CEDEARBRUDGE FINANCIAL
SERVICES, LLC; MARQUIS HEALTH
CONSULTING SERVICES, LLC;
MARQUIS LIMITED, LLC; QUINTO
NEXGEN, LLC; UKR NEXGEN, LLC;
RSBRMK HOLDINGS, LLC; TRYKO
NEXGEN HOLDINGS, LLC; NUTRACO,
LLC; RELIANT PRO REHAB, LLC AND
JOHN DOES 1-4 (Fictitious Defendants).

               Defendants.

CIVIL ACTION
NO. 26-02857

**OPINION**

**Slomsky, J.**                                                 **July 21, 2026**

## I.    INTRODUCTION

The issue before the Court involves what by now has become a routine but important question: for purposes of diversity of citizenship jurisdiction under 28 U.S.C. § 1332,[1] how is the citizenship of a limited liability company ("LLC") determined?  The answer to that question resolves whether Defendant's removal to federal court was proper.  Under 28 U.S.C. § 1332(c)(1), the citizenship of a corporation is determined by its principal place of business or its

---

[1]  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).

state of incorporation.  But because Defendants in this case are Limited Liability Companies or LLCs, their citizenship is determined by the citizenship of their partners or members.

Before the Court is Plaintiff James Smith's Motion to Remand to State Court (Doc. No. 9) and Defendants Markley Operator LLC's ("Markley") Response in Opposition (Doc. No. 12). Plaintiff Smith is the administrator of the estate of Ethel Williams, the Decedent.  For reasons that follow, the Court will deny Plaintiff's Motion to Remand because when the citizenship of the partners or members is determined, diversity of citizenship jurisdiction is present in this case.

## II.    BACKGROUND

### A.  Factual Background

On April 26, 2024, Ethel Williams was admitted to the Markley Rehabilitation and Healthcare Center ("Markley Facility").    (Doc. 1-1 ¶ 51.)    Upon arrival, the "Admission/Readmission Screener" documented that Williams was admitted to Markley Facility with "sacral and left heel pressure injuries."  (Id. ¶ 52.)

After receiving further treatment at Chestnut Hill Hospital for her sacral pressure injury on May 30, 2024, she was eventually readmitted to Markley Facility on June 7, 2024.  (Id. ¶¶ 78–81.) On August 2, 2024, Decedent had a significant change of condition and was transported to Chestnut Hill Hospital, where she passed away on August 6, 2024.  (Id. ¶ 86–88.)

Throughout her time at Markley Facility, Decedent had "care plans" in place to assist her with rehabilitation.  (Id. ¶¶ 32, 53.)  But despite the "care plans," Plaintiff alleges in the Complaint that Decedent was mistreated by Defendants through their failure to maintain a safe environment, carelessness in treatment, and nonadherence to protocol.  (Id. ¶¶ 91–118.)  Specifically, Plaintiff alleges that Defendants "acted or failed to act through its nurses, employees, and administrators, in enforcing the policies and protocols necessary for the safety of Ethel Williams."  (Id. ¶ 6.)

2

Based on these facts, Plaintiff brought claims against Defendants for negligence, vicarious liability, corporate liability, survival and wrongful death, a breach of fiduciary duty, and a corporate defendant aiding and abetting claim for breach of a fiduciary duty by a corporation.  (Id. ¶¶ 119–215.)

### B. Procedural Background

On March 18, 2026, Plaintiff James Smith, Administrator Pendente Lite of the Estate of Ethel Williams, filed a Complaint in the Court of Common Pleas of Philadelphia County against Defendants.  (Doc. No. 1-1.)  On April 30, 2026, certain Defendants[2] filed a Notice of Removal pursuant to 28 U.S.C. § 1441, which allows a defendant to remove a case to federal court when that court has subject matter jurisdiction over the case.  In the Notice of Removal, Defendants allege that jurisdiction was proper under 28 U.S.C. § 1332.  For purposes of 28 U.S.C. § 1332, Defendants allege that Plaintiff is a citizen of Pennsylvania, all members of Markley Operator, LLC, are citizens of the State of New Jersey, and the amount in controversy exceeded $75,000. (Id. at 13–23.)

On May 13, 2026, Plaintiff filed a Motion to Remand the case to the Philadelphia Court of Common Pleas, arguing that Defendants had filed the Notice of Removal erroneously premised upon original jurisdiction pursuant to 28 U.S.C. § 1332.  (Doc. No. 9 ¶ 4).  Further, Plaintiff contends that Markley, like Plaintiff and Decedent,[3] is a citizen of Pennsylvania because it is incorporated in Pennsylvania and has its principal place of business in Pennsylvania.  (Doc. No. 9-1 ¶ 3.)

---

[2]   Some Defendants did not join in the removal, including Nutraco, LLC, Reliant Pro, LLC, and John Does 1-4. The Court will address these non-moving Defendants infra.

[3]   For purposes of determining the citizenship in cases where the deceased is represented by a legal representative, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent…"  28 U.S.C. § 1332(c)(2).

3

On May 27, 2026, Defendants responded to the Motion to Remand, arguing that Plaintiffs incorrectly describe the jurisdictional requirements for LLCs because it applies the wrong legal standard for determining the citizenship of an LLC.  In addition, Defendants argue that the members of the LLC are citizens of New Jersey and, therefore, have a diverse citizenship from Plaintiff.

## III.    STANDARD OF REVIEW

### A.  Subject Matter Jurisdiction and Removal

For federal courts to have subject matter jurisdiction over a civil action, they must generally have either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity of citizenship jurisdiction, pursuant to 28 U.S.C. § 1332.  Graham v. Valley Forge Mil. Acad. & Coll., No. CV 19-1362, 2019 WL 6337717, at *3 (E.D. Pa. Nov. 27, 2019).

In this case, diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a) provides the basis for subject matter jurisdiction.  Under this statute, district courts have subject matter jurisdiction over cases where the parties have diversity of citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  As noted earlier, Section 1332(a) provides, in pertinent part:

> "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between— citizens of different States . . ."

28 U.S.C. § 1332(a).

If a plaintiff files a case in state court in which there is diversity of citizenship jurisdiction, a defendant may remove the case to federal court in the district in which the state case is pending. 28 U.S.C. § 1441(a).  Diversity of citizenship must have existed at the time the complaint was filed, and at the time of removal.  Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985).  Additionally, the burden of establishing federal jurisdiction is on the removing party.  Id.

4

### B. Determining Citizenship

For purposes of establishing citizenship, corporations are "deemed to be a citizen of every state…by which it has been incorporated…or where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  However, the citizenship of an unincorporated association, such as a limited liability company or LLC, is determined by the citizenship of its partners or members.  Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 107 (3d Cir. 2015.)

Here, Defendant is a Limited Liability Company.  Therefore, the citizenship of Markley, LLC is determined by the citizenship of its partners or members.  See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412 (3d Cir. 2010) (holding that an LLC will destroy diversity if any members share state citizenship with an opposing party in the lawsuit).  Accordingly, for complete diversity of citizenship to exist, all of an LLC's members must have diverse citizenship from all parties on the opposing side.

### C. Remand

Cases may be remanded for the district court's lack of subject matter jurisdiction.  PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993).  As set forth under § 1447(c):

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).  Because federal courts are courts of limited jurisdiction, removal statutes are strictly construed against removal, and all doubts must be resolved in favor of remand.  Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

## IV.   ANALYSIS

To ascertain whether remand is appropriate, the Court must evaluate whether diversity of citizenship is present. In doing so, the Court must determine whether there is complete diversity of citizenship and whether Plaintiff used the correct test to determine diversity of citizenship.

### A.   Diversity of Citizenship Jurisdiction is Present in This Case

As noted above, Plaintiff and Defendant disagree on whether there is complete diversity of citizenship. Defendants state that "upon information and belief, all members of Markley, LLC are citizens of New Jersey."[4] (Id.) Additionally, all other Defendants in this case have diverse citizenship from Plaintiff.[5] Since the Decedent and her administrator were citizens of

---

[4]   At this stage, a defendant alleging "upon information and belief" to establish citizenship is enough. The Third Circuit has recognized that the membership of an LLC is often not a matter of public record. Having the removing party list all members of an LLC would make it hard for LLCs to litigate in federal court, which is contrary to what the drafters of the Federal Rules of Civil Procedure likely intended. See Lewis v. Rego 757 F.2d 66, 69 (3d Cir. 1985) (holding that "upon information and belief" was enough to establish citizenship for a fourth defendant that was not yet served).

[5]   Eight of the eleven named defendants have removed the case. Under 28 U.S.C. § 1446(b)(2), also known as the rule of unanimity, "all defendants who have been properly joined and served must join in and consent to the removal of the action." Here, though, one named Defendant who did not join in removal—Cedarbridge Financial Services, LLC—has not yet been served. (Doc. No. 1 ¶ 12.) Therefore, Cedarbridge was not required to join in Defendants' removal. The two remaining named Defendants who did not join in removal—Nutraco, LLC and Reliant Pro Rehab, LLC—were served on April 9 and 23, 2026, respectively. Because Plaintiff did not raise an objection to remand on this ground, and failure to comply with the rule of unanimity is a procedural defect, not a jurisdictional defect, the defect is waived, and the action may proceed in federal court. Sheehan v. Costco Travel, Inc., No. CV 26-1109, 2026 WL 1356435, at *3 (E.D. Pa. May 14, 2026) (holding that a procedural defect in the removal process may be remanded within thirty days under 28 U.S.C § 1447(c)).

Plaintiff also names as Defendants four John Doe Defendants, but does not identify the residence of any of them. The John Does are described in the Complaint as "individuals, corporations, and/or other entities whose identities, after reasonable investigation, are currently unknown, but at all times relevant hereto owned, operated, controlled, and/or managed Markley Rehabilitation and Healthcare Center, and/or provided medical, nursing, rehabilitation, and other healthcare services to Ethel Williams during her residency at

6

Pennsylvania, diversity of citizenship is present and removal was therefore proper.

Since subject matter jurisdiction is based on diversity of citizenship jurisdiction, the amount in controversy needs to exceed $75,000 and complete diversity of citizenship between plaintiffs and defendants must exist. 28 U.S.C. § 1332(a)(1). First, here, the amount in controversy is not disputed. (Doc. Nos. 9, 12.) Second, complete diversity of citizenship exists because Plaintiff is a citizen of Pennsylvania, and no Defendant is a citizen of Pennsylvania. Since both requirements are met, federal subject matter jurisdiction is present here.[6]

---

Markley Rehab." (Doc No. 1-1 at 27). Under 28 U.S.C. §1441(b)(1), "in determining whether a civil action is removable on the basis [of diversity of citizenship jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." Therefore, the citizenship of the John Does is irrelevant in determining whether diversity of citizenship existed among the parties and for the removal analysis.

[6]  Plaintiff also argues that removal was improper because of the "forum-defendant rule," which provides: "A civil action otherwise removable solely on the basis of [diversity of citizenship jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. 1441(b)(2). Plaintiff claims that Defendant Markley, LLC, is a citizen of Pennsylvania, so removing this case to a federal court in Pennsylvania violates the "forum-defendant" rule applicable to removal. (Doc. No. 9-1.) But, as noted above, Markley is not a citizen of Pennsylvania. Therefore, Plaintiff's argument is without merit.

In addition, to the extent Plaintiff's argument relies on the notion that service of a Complaint on a Defendant in Pennsylvania vests citizenship in that state, Plaintiff is mistaken. This kind of service does not confer subject matter jurisdiction. Service of process upon a defendant present in Pennsylvania may establish personal jurisdiction. See Burnham v. Superior Court of Cal., 495 U.S. 604 (1990). But service of process by itself does not alter a defendant's citizenship for purposes of establishing subject matter jurisdiction under 28 U.S.C. § 1332, which is determined by domicile for individuals, and as noted supra, citizenship of members for LLCs. Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) (finding that domicile for individuals is their residency and an intent to remain indefinitely); see also Zambelli, 593 F.3d at 419 (reciting LLC citizenship).

7

**B. Plaintiff's Test for Determining Citizenship of an LLC Is Incorrect**

After Defendants removed this case to this Court, Plaintiff filed a Motion to Remand claiming there is a lack of complete diversity of citizenship.  (Doc. No. 9 ¶ 4-5.)  In the Motion to Remand, Plaintiff maintains that Plaintiff is a citizen of Pennsylvania, and:

> "This matter was improperly removed from Philadelphia County Court of Common Pleas pursuant to 28 U.S.C.A. § 1332 as one of the named Defendants, Markley Operator LLC…is a citizen of the Commonwealth of Pennsylvania as it has been incorporated in Pennsylvania on July 27, 2020, and has its principal place of business…in Pennsylvania. Therefore, Markley Operator, LLC, is a citizen of Pennsylvania."

(Doc. No. 9-1 ¶ 4.)

In response, Defendants characterize Plaintiff's argument as incorrect because "Markley Operator LLC is a limited liability company, not a corporation."  (Doc. No. 12-2 ¶ 1.)  Unlike the citizenship of a corporation, the citizenship of an LLC is determined by the citizenship of its members.  <u>Zambelli</u>, 592 F.3d at 419.  As previously noted, no member of Markley is a citizen of Pennsylvania.  Therefore, this Court has subject matter jurisdiction to hear this case because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

**V. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. No. 9) will be denied.  An appropriate Order follows.

8